## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MICHELLE HARVEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:16-cv-01219-JBM-JEH |
| SHARON HEALTHCARE WOODS, INC. | ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

The matter before the Court is Defendant Sharon Healthcare Woods Inc.'s Motion for Summary Judgment (Doc. 15). Plaintiff, a pro se litigant, has repeatedly failed to respond to Defendant's motion. For the following reasons, Defendant's motion is granted and the case is dismissed.

### I. BACKGROUND

All facts come from Defendant's Statement of Facts (Doc. 17). Plaintiff has failed to respond to Defendant's Motion for Summary Judgment. Therefore, all factual assertions alleged by Defendant are deemed admitted. *Wienco, Inc. v. Katahn Assocs.*, 965 F.2d 565, 568 (7th Cir. 1992); *see also* CDIL-LR 7.1(D)(2).

Defendant is a network of supportive living, skilled nursing and behavioral health facilities specializing in the care of residents with serious mental illness. Defendant is located in Peoria, Illinois. Bobby Ford was the Head Administrator of Defendant's facility and Plaintiff's superior at the time of Plaintiff's separation from Defendant's employment.

In October 1997, Defendant hired Plaintiff to work as a Certified Nursing Assistant. With Mr. Ford's support, Plaintiff received several promotions, which ultimately resulted in Plaintiff being promoted to Head Dietary Manager in 2006.

Around 2012 or 2013, Plaintiff's relationship with Mr. Ford began to sour after he hired, and then subsequently fired, Plaintiff's son. At that point, Mr. Ford began reprimanding her for issues she considered trivial—such as having a dirty kitchen and not properly managing her staff. Plaintiff's prior supervisor, Laura Kneer, had also expressed discontent with Plaintiff's cleanliness and organization of the kitchen.

In later 2012 and early 2013, Mr. Ford began noticing deficiencies in Plaintiff's job performance. Mr. Ford noted that Plaintiff had difficulties maintaining proper boundaries with the staff she supervised, and had difficulties with scheduling and keeping the kitchen properly staff. In 2013, Mr. Ford began working with Plaintiff to improve her performance, which including mentoring her and implementing a checklist to help her. In June 2014, Mr. Ford gave Plaintiff thirty days to make improvements to her staffing and the cleanliness of her kitchen. In November 2014, there were multiple disruptions in the kitchen, including a weekend where it was seriously understaffed. Mr. Ford expressed his concerns with Plaintiff's management of the kitchen.

On May 15, 2015, Mr. Ford and another supervisor met with Plaintiff to discuss her performance. At that meeting, Mr. Ford informed Plaintiff that he wanted to move in a different direction and that Plaintiff was not an effective leader. Plaintiff interrupted, stood up, exclaimed she would never be "good enough," and walked out

of the meeting. Mr. Ford then determined he wanted to terminate her. Plaintiff was the only dietary manager and was replaced by a female.

At the time of Plaintiff's termination, she was earning $16.51 per hour. The average rate for a dietary manager was approximately $15.00 per hour; however wages may vary based on prior experience, education, certification, and tenure. During her deposition, Plaintiff stated that she does not have information regarding other dietary manager's compensation or information to substantiate the claim that male dietary managers were paid more. Additionally, she explained that her claim was based on the fact that she once saw the paycheck stub of her male predecessor and that he was earning $17.00 per hour, but she did not know anything about his prior experience, education, or tenure.

On June 16, 2016, Plaintiff filed the instant Complaint, alleging that Defendant discriminated against her on the basis of her sex and that Defendant violated the Equal Pay Act.

Because Plaintiff did not respond to Defendant's Motion for Summary Judgment nor did Plaintiff contest Defendant's Statement of Uncontroverted Facts the following facts must be deemed admitted by Plaintiff: neither Mr. Ford, nor any other supervisor in Defendant's employment, has ever made a disparaging comment about women or has distinguished Plaintiff's gender as female, and Defendant does not have policies or demonstrated patterns of practice that disparage women or favor male employees. Additionally, Plaintiff stated during her deposition that she does not have any support for her allegations that female employees were treated differently or that she was personally treated differently because she is a woman.

3

## II. LEGAL STANDARDS

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). However, the Court is "not required to draw every conceivable inference from the record"; the Court draws only reasonable inferences. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (quotations omitted).

To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Tech. Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars,* 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

As previously mentioned, unopposed motions for summary judgment are deemed admitted. CDIL-LR 7.1(D)(2); *see also Hunter v. Rock Island Hous. Auth.*, No.

4:13-cv-4017-SLD-JEH, 2015 U.S. Dist. LEXIS 52003, at *7 (C.D. Ill. Apr. 21, 2015). Additionally, because Plaintiff has failed to respond to the motion for summary judgment, she has forfeited her opportunity to elaborate on the legal theories she presented in her Complaint or to raise any new theories. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (citing *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1220 (7th Cir. 1984)). Plaintiff's pro se status does not negate her failure to respond. *Townsend v. Alexian Bros. Med. Ctr.*, 589 F. App'x 338, 339 (7th Cir. 2015) ("Even pro se litigants such as [plaintiff] must follow the Rules of Civil Procedure.").

However, this does not mean that the motion is automatically granted; rather the Court is still obligated to consider the motion on its merits and determine whether judgment would be legally appropriate. *Id.* (citing *Pike v. Nick's English Hut, Inc.*, 937 F. Supp. 2d 956, 959 (S.D. Ind. 2013)); *see also Johnson*, 35 F.3d at 1112 ("Even if the opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only 'if appropriate—that is, if the motion demonstrates that there is no genuine issue of material fact *and the movant is entitled to judgment as a matter of law*.'") (emphasis added)).

### III. DISCUSSION

Plaintiff has failed to establish a prima facie case of Title VII discrimination or a violation of the Equal Pay Act; therefore, Defendant's Motion for Summary Judgment is granted. Each claim will be analyzed individually.

#### A. TITLE VII GENDER DISCRIMINATION

Plaintiff has failed to establish a prima facie case of Title VII discrimination based on her sex. Under Title VII of the Civil Rights Act of 1964, it is unlawful for an

5

employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a).

The United States Court of Appeals for the Seventh Circuit establishes that the legal standard in discrimination cases is "simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [sex] caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).[1] The Court is instructed to consider the evidence as a whole. *Id.*

Looking at the evidence as a whole, no reasonable factfinder could conclude that Plaintiff's sex was the cause of her termination. There is no evidence in the record to indicate that Plaintiff was terminated because of her sex. Rather, the facts indicate that Plaintiff's relationship with Mr. Ford began deteriorating after Mr. Ford fired Plaintiff's son. Then, Plaintiff's work performance—particularly in terms of kitchen cleanliness and maintaining an appropriate amount of staff—began to

---

[1] The Court notes that Defendant argues that in order to survive summary judgment with circumstantial evidence Plaintiff must establish a prima facie claim using the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). However, *Ortiz* eliminated the distinction between direct evidence and indirect—also known as circumstantial—evidence. 834 F.3d at 765-66. Additionally, although *Ortiz* does not affect the *McDonnell Douglas* framework, a Plaintiff is not required to use it to survive a motion for summary judgment. *David v. Bd. of Trs. of Comm. Coll. Dist. No. 508*, 846 F.3d 216, 224 (7th Cir. 2017). Although McDonnell Douglas is a means of "organizing, presenting, and assessing circumstantial evidence," it is "not the only way to assess circumstantial evidence of discrimination." *Id.* Therefore, "[i]n adjudicating a summary judgment motion, the question remains: has the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination?" *Id.*

deteriorate. Mr. Ford attempted to mentor and correct Plaintiff's performance over the next two years. When Mr. Ford called Plaintiff in for another meeting about her performance, Plaintiff announced that she would never be "good enough" and left. At that point, Mr. Ford terminated her. Therefore, the evidence supports that Plaintiff was terminated because of poor performance; not because of her gender.

Additionally, Mr. Ford advocated for several of Plaintiff's promotions throughout her career with Defendant. Then Defendant replaced Plaintiff with another female. Both of these facts contradict Plaintiff's claim that she was fired because of her gender.

Because Plaintiff has provided no evidence that she was fired because of her gender, no reasonable factfinder could conclude that Plaintiff's termination was because of her gender. Because no reasonable factfinder could conclude that Plaintiff's termination was caused by her gender, summary judgment is proper for Defendant on Plaintiff's Title VII discrimination claim.

### B. EQUAL PAY ACT

Plaintiff has failed to establish a prima facie case of a violation of the Equal Pay Act. The Equal Pay Act of 1963 provides that an employer shall not discriminate on the basis of sex between employees by paying lower wages to employees of one sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . ." 29 U.S.C. § 206(d)(1). The act recognizes four legitimate explanations for a wage differential between workers of opposite sexes which will not subject an employer to liability: 1) a seniority system, 2) a merit system, 3) a system which measures

earnings by quantity or quality of production, or 4) a differential based on any other factor other than sex. *Id*.

In order to establish a prima facie case under the Equal Pay Act, Plaintiff must show: "'(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions.'" *David*, 846 F.3d at 230 (quoting *Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 695 (7th Cir. 2006)). However, to establish a prima facie claim, Plaintiff must produce "sufficient evidence from which a jury could conclude that higher wages were paid to a male employee, that the wages were for equal work requiring substantially similar skill, effort and responsibilities, and that the work was performed under similar working conditions." *Leong v. SAP Am., Inc.*, 67 F. Supp. 3d 972, 984 (N.D. Ill. 2014) (citing *Merillat*, 470 F.3d at 695).

Once a prima facie claim has been established, the burden shifts to the defendant to establish that one of the four statutory defenses applies. *Merillat*, 470 F.3d at 697. "The justification need not be a 'good reason,' but merely a gender-neutral one. The justification 'must also be bona fide. In other words, an employer cannot use a gender-neutral factor to avoid liability unless the factor is used and applied in good faith.'" *Warren v. Solo Cup Co.*, 516 F.3d 627, 630 (7th Cir. 2008) (citing *Varner v. Ill. State Univ.*, 226 F.3d 927, 932 (7th Cir. 2000); *Wernsing v. Dep't of Human Servs.*, 427 F.3d 466, 468 (7th Cir. 2005)).

Plaintiff has failed to produce enough evidence that a jury could conclude that a male received higher wages for equal work under similar working conditions. Plaintiff's memory that she once saw a paycheck of her male predecessor that was

8

earning approximately $0.50 per hour more than her is insufficient to meet this burden. Furthermore, Plaintiff stated that she did not have any other information regarding other dietary manager's salaries or any other information substantiating her claim that males were paid more than females.

Even assuming, for argument's sake, that Plaintiff had met her initial burden, Defendant has met its burden to prove that any variable in pay was because of non-gender reasons. *Leong*, 67 F. Supp. 3d at 984 (explaining that under the Equal Pay Act, the employer bears the burden of production and persuasion to prove that a non-gender reason accounts for the difference in pay and that the plaintiff does not need to prove pretext). Defendant established that the average rate of pay for a dietary manager was approximately $15.00 per hour but that an individual's wage was determined based on prior experience, education, certification, and tenure with the facility. Therefore, Defendant has established that gender-neutral variables altered the individual wage amount. Furthermore, Plaintiff agreed that her predecessor's pay may have been different because of the amount of time he worked for Defendant or because of his experience, but she did not know what his credentials were. Therefore, Defendant has carried its burden. Plaintiff cannot establish a prima facie claim, and even if she could, Defendant has established an affirmative defense. Thus, summary judgment is proper for Defendant as to Plaintiff's Equal Pay Act claim.

### IV. Conclusion

Plaintiff has failed to establish a prima facie case of Title VII discrimination or of a violation of the Equal Pay Act.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. 15) is GRANTED.

CASE TERMINATED.


Entered this __17th___ day of July, 2017.

>    s/ Joe B. McDade
>    JOE BILLY McDADE
>    United States Senior District Judge